OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a motion for an order pursuant to CPLR 3211 (subd [a], par 3) granting defendant’s motion to dismiss the complaint upon the ground that plaintiff has no legal capacity to sue.
The basis for said motion purports to lie in the provisions of section 665 (subd 4, par d) of the Education Law. Said provision relates to the plaintiff’s recovery of funds wrongfully paid under its Tuition Assistance Program. Said provision provides that: “If the recipient or the institution, as the case may be, without reasonable cause, fails to promptly comply with the president’s demand for such refund, the attorney general of the state shall, upon request of the president, bring suit to obtain such refund.”
This action has been prosecuted by in-house counsel for the New York State Higher Education Services Corporation. Defendant’s argument is that because said action is being prosecuted by in-house counsel, rather than the *654 Attorney-General of the State of New York, the plaintiff has no legal capacity to sue. This court does not agree. The statute in question clearly requires the Attorney - General to prosecute said actions upon the request of the president. However, it does not require the president to make such a request. The clear intent of the statute is to insure that the Attorney-General must undertake said prosecution if requested by the president. However, the statute contains no language abrogating the right of plaintiff’s in-house counsel to so prosecute. Such a decision is within the discretion of the plaintiff which, pursuant to section 653 of the Education Law, has the power to sue and be sued in the name of the corporation. Section 2205.4 (b) of title 8 of the Official Compilation of Codes, Rules and Regulations of the State of New York authorizes the corporation to recover amounts overpaid to any institution such as the case at bar. The above statutory language relied upon by the defendants does not otherwise limit the powers of the plaintiff.
Accordingly, defendant’s motion to dismiss the complaint on the ground that plaintiff has no legal capacity to sue shall be denied.